JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL R. SCHIESS
Assistant United States Attorney
Nevada Bar No. 5483
ERIC C. SCHMALE
Assistant United States Attorney
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: 702-388-6336
Email: dan.schiess@usdoj.gov
Email: eric.schmale@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00066-JAD-DJA |
| Plaintiff, | **Stipulation for Protective Order** |
| v. | |
| MATTHEW WADE BEASLEY, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, Daniel R. Schiess and Eric C. Schmale, Assistant United States Attorneys, counsel for the Government, and Jaqueline Tirinnanzi, Esq., counsel for Defendant Matthew Wade Beasley, that this Court issue this Protective Order, which (as outlined herein) protects from disclosure to the public any discovery documents containing third-party taxpayer information and other sensitive personal identifying information, as defined by statute at 18 U.S.C. § 1028(d)(7).

In support of this Stipulation, the parties state and agree as follows:

1. The discovery contains extensive personal identifying information of third parties, including names, social security and taxpayer identification numbers, dates of birth, addresses, and financial account information. The release of such information to the public could endanger the privacy of dozens of individuals and also subject them to potential misuse of their identities.

2. The discovery to be produced in connection with this case may also contain confidential third-party federal taxpayer information provided by the Internal Revenue Service in accordance with 26 U.S.C. § 6103(h)(2) and is appropriately produced in discovery pursuant to 26 U.S.C. § 6103(h)(4)(A)-(D).

3. Such confidential personal identifying and tax information is collectively referred to here as the "Protected Information."

4. Copies and reproductions, and any notes or records made in relation to the contents of the Protected Information materials, are to be treated in the same manner as the original materials.

5. In order to protect the privacy of the third parties referenced in the discovery, the parties intend to restrict access to Protected Information provided to the defense in discovery to the following individuals: the defendant (subject to subsection (a) immediately below), attorneys for the defendant, and any personnel that the attorneys for the defendant consider necessary to assist in performing that attorney's duties in the defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

    a. Defendant may view Protected Information in the presence of Covered Individuals. However, prior to leaving materials containing Protected

Information in the defendant's possession at the detention center, Counsel for Defendant and the Government agree to a meet and confer regarding the Protected Information and reach agreement on necessary redactions.

6. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

    a. use the Protected Information for any purpose other than preparing to defend against the violations in the Indictment, or any superseding indictment or further charges arising out of this case;

    b. provide Protected Information to the custody and control of individuals other than Covered Individuals; or

    c. publicize any Protected Information, including by attaching any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal and/or have all Protected Information redacted.

7. The Covered Individuals shall be further advised that any violation of this Protective Order may result in sanctions by the Court.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

9. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

10. The defense shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

11.     Nothing in this Order modifies the Government's obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure, 18 U.S.C. § 3500 (Jencks), and the Government's general obligation to produce exculpatory and impeachment information in criminal cases.

12.     The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a Protected Information designation. The parties agree that the burden of demonstrating the need for a protective order remains with the government at all times.

13.     In the event of a disclosure of Protected Information in violation of this Protective Order (inadvertent or otherwise), defense counsel will immediately:

   a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order and request any such material be returned;
   b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;
   c. Notify the government and the Court in a public filing of the existence and nature of any violation of this Protective Order.

14.     The parties agree that there is good cause for entry of this Protective Order, pursuant to Rule 16(d)(1), to the extent possible, given that Defense Counsel has yet to possess or review any discoverable materials at this time, reserving the right to contest specific designations.

DATED this 5th day of May, 2023.

                                                          Respectfully submitted,

                                                          JASON M. FRIERSON
                                                          United States Attorney

| /s/ Jacqueline Tirinnanzi | /s/ Eric Schmale |
|---|---|
| Jacqueline Tirinnanzi, Esq. | DANIEL R. SCHIESS |
| Counsel for Defendant | ERIC C. SCHMALE |
| Matthew Wade Beasley | Assistant United States Attorneys |

## ORDER

For good cause shown, IT IS SO ORDERED this __8th__ day of __May__, 2023.

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

5